UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
CARMEN WALKER,

                                 Plaintiff,                    07-CV-5734 (SHS)

    -against-

THE CITY OF NEW YORK, POLICE OFFICER CORY        **COMPLAINT**
HAYES, SHIELD NUMBER 19955, AND POLICE               **AND JURY DEMAND**
OFFICER "JOHN DOE", SHIELD NUMBER 21148,
                                                                             ECF CASE

                                Defendants.
------------------------------------------------------------------------X

      Plaintiff CARMEN WALKER by her attorneys, TRACIE A. SUNDACK & ASSOCIATES, L.L.C., complaining of Defendants THE CITY OF NEW YORK, POLICE OFFICER CORY HAYES, SHIELD NUMBER 19955, AND POLICE OFFICER "JOHN DOE", SHIELD NUMBER 21148, respectfully alleges as follows:

## PRELIMINARY STATEMENT

      1. Plaintiff brings this action for compensatory damages, punitive damages and attorney's fees pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1988 for violations of her civil rights, as said rights are secured by said statutes and the Constitutions of the State of New York and the United States.

## JURISDICTION

      2. This action is brought pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1988, and the First, Fourth, Fifth, Sixth, Eight and Fourteenth Amendments to the United States Constitution.

      3. Jurisdiction is founded under 28 U.S.C. §§ 1331, 1343 and 1367.

## VENUE

      4. Venue is properly laid in the Southern District of New York under U.S.C. § 1391(b) in that this is the District in which the claim arose.

## JURY DEMAND

      5. Plaintiff respectfully demands a trial by jury of all issues in this matter pursuant to Fed. R. Civ. P. 38(b).

## PARTIES

6. Plaintiff CARMEN WALKER is a Black female, a citizen of the United States, and at all relevant times a resident of the City and State of New York.

7. Defendant THE CITY OF NEW YORK was and is a municipal corporation duly organized and existing under and by virtue of the General Municipal Law of the State of New York.

8. Defendant THE CITY OF NEW YORK maintains the New York City Police Department, including all the police officers thereof, a duly authorized police department, authorized to perform all functions of a police department as per the applicable sections of the New York State Criminal Procedure Law, acting under the direction, control and supervision of the aforementioned municipal corporation, The City of New York.

9. That at all times hereinafter mentioned, Defendants POLICE OFFICER CORY HAYES, SHIELD NUMBER 19955, AND POLICE OFFICER "JOHN DOE", SHIELD NUMBER 21148, were employed by Defendant THE CITY OF NEW YORK.

10. That at all times hereinafter mentioned, Defendants POLICE OFFICER CORY HAYES, SHIELD NUMBER 19955, AND POLICE OFFICER "JOHN DOE", SHIELD NUMBER 21148, acted within the scope of their employment for Defendant THE CITY OF NEW YORK.

11. That at all times hereinafter mentioned, Defendants POLICE OFFICER CORY HAYES, SHIELD NUMBER 19955, AND POLICE OFFICER "JOHN DOE", SHIELD NUMBER 21148, were acting under the color and pretense of the statutes, ordinances, regulations, customs, and usages of the City and State of New York, and under the authority of their office as police officers for said city and state.

## FACTS

12. That on July 7, 2004, at approximately 2:30 a.m., Plaintiff CARMEN WALKER was lawfully present in the Lower East Side/Second Avenue subway station located at the intersection of Second Avenue and Houston Street in the County, City and State of New York.

13. That, at the aforementioned time and place, Plaintiff CARMEN WALKER was suddenly accosted by members of the New York City Police Department including, but not limited to, Defendants POLICE OFFICER CORY HAYES, SHIELD NUMBER 19955, AND POLICE OFFICER "JOHN DOE", SHIELD NUMBER 21148.

14. That, at the aforementioned time and place, Defendants POLICE OFFICER CORY HAYES, SHIELD NUMBER 19955, AND POLICE OFFICER "JOHN DOE", SHIELD NUMBER 21148, assaulted Plaintiff CARMEN WALKER, handcuffed her and placed her under arrest for disorderly conduct and resisting arrest, despite Defendants' knowledge that they lacked reasonable grounds or probable cause to do so.

15. That, as a result of this unprovoked assault, Plaintiff CARMEN WALKER sustained injuries to, *inter alia*, her face, jaw, back, shoulders, wrists, hands and left knee.

16. That Plaintiff CARMEN WALKER was then transported to the District Four Police Station (14th Street/Union Square West) of the New York City Police Department, where her arrest was processed and she was thereafter transported to the Criminal Court Building (100 Centre Street, New York, New York) where she was arraigned before being released.

17. That Defendants initiated criminal proceedings against Plaintiff CARMEN WALKER despite Defendants' knowledge that they lacked probable cause to do so.

18. That Plaintiff CARMEN WALKER was held, detained and imprisoned for approximately 20 hours by Defendants before being released.

19. That all charges against Plaintiff CARMEN WALKER have been dismissed.

20. As a result of the foregoing, Plaintiff CARMEN WALKER sustained, *inter alia*, physical injuries, emotional distress, embarrassment, humiliation, and deprivation of her constitutional rights.

## AS AND FOR A FIRST CAUSE OF ACTION FOR FALSE ARREST PURSUANT TO 42 U.S.C. § 1983

21. Plaintiff CARMEN WALKER repeat, reiterate, and reallege each and every paragraph of this complaint and further allege:

22. Plaintiff CARMEN WALKER had not committed any offense and Defendants did

not have reasonable grounds or probable cause to believe that Plaintiff had committed any offense.

23. Defendants were aware that probable cause did not exist for the arrest and detention of Plaintiff CARMEN WALKER and that said arrest and detention was illegal, without justification or excuse, and without authority of law, and Defendants acted with malicious intent to arrest, oppress, and injure Plaintiff CARMEN WALKER and such actions were committed in bad faith.

24. As a direct and proximate result of the above-described unlawful and malicious acts of the Defendants, all committed under color of their authority as police officers, and while acting in that capacity, Plaintiff CARMEN WALKER was deprived of the rights and immunities secured to her under the Constitutions and laws of the United States and of the State of New York, in particular the First, Fourth, Fifth, Eighth and Fourteenth Amendments thereof, and 42 U.S.C. §§ 1981, 1983, and 1985 (2) and (3), her liberty was restricted for an extended period of time, she was put in fear for their safety, and she was humiliated and subjected to handcuffing and other physical restraints, without probable cause.

## AS AND FOR A SECOND CAUSE OF ACTION FOR FALSE IMPRISONMENT PURSUANT TO 42 U.S.C. § 1983

25. Plaintiff CARMEN WALKER repeat, reiterate, and reallege each and every paragraph of this complaint and further allege:

26. For approximately 20 hours on July 7, 2004, Plaintiff CARMEN WALKER were falsely imprisoned by the Defendants who procured and /or effected said false imprisonment knowing their actions to be wrongful and malicious and without any basis.

27. The Defendants intended to confine Plaintiff CARMEN WALKER, and Plaintiff CARMEN WALKER was conscious of the confinement and did not consent to the confinement.

28. The Defendants' words, actions, and the charges laid by them were willful, malicious, false, wrongful, without reason or basis and without probable cause and committed in bad faith and solely for the purpose of falsely imprisoning Plaintiff CARMEN WALKER and damaging Plaintiff in her reputation and depriving her of her liberty.

29. As a direct and proximate result of the above-described unlawful and malicious acts of Defendants all committed under color of their authority as police officers of Defendant THE CITY OF NEW YORK, and while acting in that capacity, Plaintiff CARMEN WALKER suffered damage, all of which is in violation of her rights under the Constitution and laws of the United States and of the State of New York.

## AS AND FOR A THIRD CAUSE OF ACTION FOR EXCESSIVE FORCE UNDER 42 U.S.C. § 1983

30. Plaintiff CARMEN WALKER repeat, reiterate, and reallege each and every paragraph of this complaint and further allege:

31. The level of force employed by the Defendants was objectively unreasonable and in violation of Plaintiff CARMEN WALKER's constitutional rights.

32. As a result of the aforementioned conduct of Defendants, Plaintiff CARMEN WALKER was subjected to excessive force and sustained physical injuries.

## AS AND FOR A FOURTH CAUSE OF ACTION FOR FAILURE TO INTERVENE

33. Plaintiff CARMEN WALKER repeat, reiterate, and reallege each and every paragraph of this complaint and further allege:

34. Each and every individual Defendant had an affirmative duty to intervene on Plaintiff's behalf to prevent the violation of her constitutional rights and failed to so intervene despite having had a realistic opportunity to do so.

35. As a result of the aforementioned conduct of the individual Defendants, Plaintiff's constitutional rights were violated and she was subjected to excessive force and sustained physical injuries.

## AS AND FOR A FIFTH CAUSE OF ACTION FOR MUNICIPAL LIABILITY

36. Plaintiff CARMEN WALKER repeat, reiterate, and reallege each and every paragraph of this complaint and further allege:

37. Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective

municipality/authority, which is forbidden by the Constitution of the United States.

38. The aforementioned customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department included, but were not limited to a) wrongfully stopping and detaining minority females based on racial profiling; b) using excessive force on individuals who have already been handcuffed; and c) making unlawful arrests in order to satisfy an arrest quota.

39. The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department constituted deliberate indifference to the safety, well-being and constitutional rights of Plaintiff CARMEN WALKER.

40. The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department were the direct and proximate cause of the constitutional violations suffered by Plaintiff CARMEN WALKER as alleged herein.

41. The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department were the moving force behind the constitutional violations suffered by Plaintiff CARMEN WALKER as alleged herein.

42. Defendants, collectively and individually, while acting under the color of state law, were directly and actively involved in violating Plaintiff' constitutional rights.

43. All of the foregoing acts by defendants deprived Plaintiff CARMEN WALKER of federally protected rights including, but not limited to, the right:

    A. Not to be deprived of liberty without due process;

    B. To be free from seizure and arrest not based on probable cause;

    C. Not to have excessive force imposed upon him;

    D. To be free from unlawful search;

    E. To be free from unwarranted and malicious criminal prosecution;

    F. To be free from malicious abuse of process;

    G. To receive equal protection under the law.

44. As a result of the foregoing, Plaintiff CARMEN WALKER is entitled to

compensatory damages in the sum of Five Hundred Thousand Dollars ($500,000.00) and is further entitled to punitive damages against the individual defendants in the sum of One Million Dollars ($1,000,000.00)

**WHEREFORE** Plaintiff CARMEN WALKER demands judgment, jointly and severally, against Defendants THE CITY OF NEW YORK, POLICE OFFICER CORY HAYES, SHIELD NUMBER 19955, AND POLICE OFFICER "JOHN DOE", SHIELD NUMBER 21148, in the amount of Five Hundred Thousand Dollars ($500,000.00) in compensatory damages and One Million Dollars ($1,000,000.00) in punitive damages, plus reasonable attorney's fees, costs and disbursements of this action.

Dated: White Plains, New York
      June 8, 2007

                                              TRACIE A. SUNDACK & ASSOCIATES, L.L.C.
                                              By: Tracie A. Sundack (TS-7778)
                                              Attorneys for Plaintiff
                                              CARMEN WALKER
                                              19 Court Street, 3rd Floor
                                              White Plains, New York 10601
                                              (914) 946-8100