12122272039

RECEIVED
JUL 1 2 2007
CHAMBERS OF
JUDGE SIDNEY H. STEIN
U.S.D.J.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 7/12/07

**MICHAEL A. CARDOZO**
*Corporation Counsel*

THE CITY OF NEW YORK
**LAW DEPARTMENT**
100 CHURCH STREET
NEW YORK, NY 10007

**AMY N. OKEREKE**
*Assistant Corporation Counsel*
(212) 788-9790
(212) 788-9776 (fax)
aokereke@law.nyc.gov

July 11, 2007

**VIA FAX**
Honorable Sidney H. Stein
United States District Judge
Southern District of New York
500 Pearl Street, Room 1010
New York, New York 10007

MEMO ENDORSED

    Re: Carmen Walker v. City of New York, et al.
        07 Civ. 5734 (SHS)

Your Honor:

    I am an Assistant Corporation Counsel in the office of Michael A. Cardozo, Corporation Counsel of the City of New York, attorney for defendant City of New York. Defendant respectfully requests that its time to respond to the complaint in this action be extended for sixty days from July 12, 2007 to September 10, 2007.[1] Plaintiff's counsel consents to this request.

    Plaintiff alleges that he was falsely arrested, subjected to excessive force, and maliciously prosecuted following an incident on July 7, 2004, in which plaintiff claims he was arrested by New York City Police Officers. Plaintiff asserts that the criminal charges brought against him were ultimately dismissed. An enlargement of time will give this office the opportunity to investigate the allegations of the complaint in accordance with our obligations under Rule 11 of the Federal Rules of Civil Procedure. Currently, this office is in the process of

---

[1] According to plaintiff's counsel, as of July 10, 2007, the individually named defendant, Police Officer Cory Hayes, had not been served with the summons and complaint. As of this date, no request for representation has been received with respect to this individual nor does the docket sheet indicate service on this defendant. Without appearing on his behalf, it is respectfully requested that, if he has been served, the same extension be granted to him in order to ensure that his defenses are not jeopardized while representation issues are being decided.

forwarding to the plaintiff for execution a consent and authorization for the release of records that may have been sealed pursuant to New York Criminal Procedure Law § 160.50. This executed release is necessary for our office to obtain the District Attorney, Criminal Court, and police records pertaining to plaintiff's underlying arrest and prosecution. This office is also in the process of forwarding to plaintiff for execution medical releases. These executed releases are necessary for our office to obtain the medical records pertaining to the plaintiff's alleged injuries and treatment.

Further, assuming plaintiff effects timely service on the individual defendant, the extension should allow time for this office to determine, pursuant to Section 50-k of the New York General Municipal Law, and based on a review of the facts of the case, whether we may represent the individually named defendant. See Mercurio v. The City of New York, et al., 758 F.2d 862, 864-65 (2d Cir. 1985) (quoting Williams v. City of New York, et al., 64 N.Y.2d 800, 486 N.Y.S.2d 918 (1985) (decision whether to represent individual defendants is made by the Corporation Counsel as set forth in state law)).

No previous request for an extension has been made in this action. Accordingly, we respectfully request that defendant's time to respond to the complaint be extended until September 10, 2007. *The initial pretrial conference is adjourned to Sept. 14, 2007, at 10:30 a.m.*

I thank the Court for its time and consideration of this request.

Respectfully submitted,

Amy N. Okereke (AO 3250)
Assistant Corporation Counsel
Special Federal Litigation Division

cc:   Tracie A. Sundack, Esq., attorney for plaintiff (via fax)

SO ORDERED 7/12/07

SIDNEY H. STEIN
U.S.D.J.

-2-