UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x

CARMEN WALKER,

                                  Plaintiff,

                -against-

THE CITY OF NEW YORK, POLICE OFFICER CORY HAYES, SHIELD NUMBER 19955, AND POLICE OFFICER "JOHN DOE", SHIELD NUMBER 21148,

                                  Defendants.

**ANSWER ON BEHALF OF DEFENDANTS CITY OF NEW YORK AND CORY HAYES**

07 Civ. 5734 (SHS)

Jury Trial Demanded

------------------------------------------------------------------------ x

        Defendants City of New York and Cory Hayes, by their attorney, Michael A. Cardozo, Corporation Counsel of the City of New York, for their answer to the complaint, respectfully allege, upon information and belief, as follows:

        1.     Deny the allegations set forth in paragraph "1" of the complaint, except admit that plaintiff purports to proceed as stated therein.

        2.     Deny the allegations set forth in paragraph "2" of the complaint, except admit that plaintiff purports to proceed as stated therein.

        3.     Deny the allegations set forth in paragraph "3" of the complaint, except admit that plaintiff purports to invoke the jurisdiction of this Court as stated therein.

        4.     Deny the allegations set forth in paragraph "4" of the complaint, except admit that plaintiff purports to base venue as stated therein.

        5.     Paragraph "5" of the complaint sets forth a demand for a jury trial, rather than an averment of fact, and accordingly no response is required.

        6.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "6" of the complaint.

7. Deny the allegations set forth in paragraph "7" of the complaint, except admit that the City of New York is a municipal corporation organized and operating pursuant to the laws of the State of New York.

8. Deny the allegations set forth in paragraph "8" of the complaint, except admit that the City of New York maintains a Police Department, and respectfully refer the Court to the New York City Charter and the Administrative Code for a recitation of the relationship between defendant City and the New York City Police Department.

9. Deny the allegations set forth in paragraph "9" of the complaint, except admit that Cory Hayes is employed by the City of New York as a police officer, and deny knowledge or information sufficient to form a belief as to the allegations concerning "Police Officer 'John Doe.'"

10. Paragraph "10" of the complaint states conclusions of law, rather than averments of fact, and accordingly no response is required.

11. Paragraph "11" of the complaint states conclusions of law, rather than averments of fact, and accordingly no response is required.

12. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "12" of the complaint.

13. Deny the allegations set forth in paragraph "13" of the complaint.

14. Deny the allegations set forth in paragraph "14" of the complaint, except admit that plaintiff was handcuffed and arrested by New York City Police Officers on or about July 7, 2004.

15. Deny the allegations set forth in paragraph "15" of the complaint.

16. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "16" of the complaint, except admit that plaintiff was transported to Transit Bureau District 4.

17. Deny the allegations set forth in paragraph "17" of the complaint.

18. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "18" of the complaint.

19. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "19" of the complaint.

20. Deny the allegations set forth in paragraph "20" of the complaint.

21. In response to the allegations set forth in paragraph "21" of the complaint, defendants repeat and reallege paragraphs "1" through "20" of this answer as if fully set forth herein.

22. Deny the allegations set forth in paragraph "22" of the complaint.

23. Deny the allegations set forth in paragraph "23" of the complaint.

24. Deny the allegations set forth in paragraph "24" of the complaint.

25. In response to the allegations set forth in paragraph "25" of the complaint, defendants repeat and reallege paragraphs "1" through "24" of this answer as if fully set forth herein.

26. Deny the allegations set forth in paragraph "26" of the complaint.

27. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "27" of the complaint.

28. Deny the allegations set forth in paragraph "28" of the complaint.

29. Deny the allegations set forth in paragraph "29" of the complaint.

30. In response to the allegations set forth in paragraph "30" of the complaint, defendants repeat and reallege paragraphs "1" through "29" of this answer as if fully set forth herein.

31. Deny the allegations set forth in paragraph "31" of the complaint.

32. Deny the allegations set forth in paragraph "32" of the complaint.

33. In response to the allegations set forth in paragraph "33" of the complaint, defendants repeat and reallege paragraphs "1" through "32" of this answer as if fully set forth herein.

34. Deny the allegations set forth in paragraph "34" of the complaint.

35. Deny the allegations set forth in paragraph "35" of the complaint.

36. In response to the allegations set forth in paragraph "36" of the complaint, defendants repeat and reallege paragraphs "1" through "35" of this answer as if fully set forth herein.

37. Deny the allegations set forth in paragraph "37" of the complaint.

38. Deny the allegations set forth in paragraph "38" of the complaint.

39. Deny the allegations set forth in paragraph "39" of the complaint.

40. Deny the allegations set forth in paragraph "40" of the complaint.

41. Deny the allegations set forth in paragraph "41" of the complaint.

42. Deny the allegations set forth in paragraph "42" of the complaint.

43. Deny the allegations set forth in paragraph "43" of the complaint, including all of its subparts.

44. Deny the allegations set forth in paragraph "44" of the complaint.

### **AS AND FOR A FIRST AFFIRMATIVE DEFENSE:**

45. The complaint fails to state a claim upon which relief can be granted.

**AS AND FOR A SECOND AFFIRMATIVE DEFENSE:**

46. Defendants have not violated any rights, privileges or immunities under the Constitution or laws of the United States or the State of New York or any political subdivision thereof, nor has defendant violated any Act of Congress providing for the protection of civil rights.

**AS AND FOR A THIRD AFFIRMATIVE DEFENSE:**

47. Any injury alleged to have been sustained resulted from plaintiff's own culpable or negligent conduct and/or the intervening conduct of third parties, and was not the proximate result of any act of the defendants.

**AS AND FOR A FOURTH AFFIRMATIVE DEFENSE:**

48. There was probable cause for plaintiff's arrest, detention, and prosecution.

**AS AND FOR A FIFTH AFFIRMATIVE DEFENSE:**

49. Plaintiff cannot obtain punitive damages as against the City of New York.

**AS AND FOR A SIXTH AFFIRMATIVE DEFENSE:**

50. At all times relevant to the acts alleged in the complaint, defendant City of New York, its agents and officials, acted reasonably and properly in the lawful exercise of their discretion. Therefore, they are entitled to governmental immunity from liability.

**AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE:**

51. Plaintiff provoked any incident.

**AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE:**

52. To the extent plaintiff's complaint states claims arising under New York State law, these claims are barred for failure to comply with conditions precedent to suit, pursuant to New York General Municipal Law §§ 50-e and 50-i.

**AS AND FOR A NINTH AFFIRMATIVE DEFENSE:**

53.     Cory Hayes has not violated any clearly established constitutional or statutory rights of which a reasonable person would have known and therefore is protected by qualified immunity.

**AS AND FOR A TENTH AFFIRMATIVE DEFENSE:**

54.     Plaintiff's claims may be barred in whole or in part by the applicable limitations period.

**WHEREFORE,** defendants request judgment dismissing the complaint in its entirety, together with the costs and disbursements of this action, and such other and further relief as the Court may deem just and proper.

Dated:      New York, New York
            September 10, 2007

                                        MICHAEL A. CARDOZO
                                        Corporation Counsel of the
                                          City of New York
                                        Attorney for Defendants City of New York
                                        and Cory Hayes
                                        100 Church Street, Room 3-137
                                        New York, New York 10007
                                        (212) 788-9790

                                        By:            /s/
                                            Amy N. Okereke
                                            Assistant Corporation Counsel

To:     Tracie A. Sundack, Esq.
        Tracie A. Sundack & Associates, L.L.C.
        Attorney for Plaintiff
        19 Court Street, 3rd Floor
        White Plains, New York 10601 (via E.C.F. and first class mail)

**DECLARATION OF SERVICE BY MAIL**

       I, AMY N. OKEREKE, declare, pursuant to 28 U.S.C. § 1746, under penalty of perjury that on SEPTEMBER 10, 2007, I served the annexed ANSWER upon the following counsel of record by depositing a copy of same, enclosed in a first class postpaid properly addressed wrapper, in a post office depository under the exclusive care and custody of the United States Postal Service, within the State of New York, directed to said counsel of record at the address set forth below, being the address designated by plaintiff for that purpose:

       Tracie A. Sundack, Esq.
       19 Court Street, 3rd Floor
       White Plains, New York 10601


Dated: New York, New York
       September 10, 2007

                                        /s/
                                  AMY N. OKEREKE
                                  ASSISTANT CORPORATION COUNSEL

Index No. 07 Civ. 5734 (SHS)

| |
|---|
| UNITED STATES DISTRICT COURT<br>SOUTHERN DISTRICT OF NEW YORK |
| CARMEN WALKER,<br><br>                 Plaintiff,<br><br>        -against-<br><br>THE CITY OF NEW YORK, et al.,<br><br>                 Defendants. |
| **ANSWER ON BEHALF OF DEFENDANTS<br>CITY OF NEW YORK AND CORY HAYES** |
| *MICHAEL A. CARDOZO*<br>*Corporation Counsel of the City of New York*<br> *Attorney for Defendants City of New York*<br> *and Cory Hayes*<br> *100 Church Street*<br> *New York, New York  10007*<br><br> *Of Counsel:  Amy N. Okereke*<br> *Tel:  (212) 788-9790* |
| *Due and timely service is hereby admitted.*<br><br>*New York, N.Y.........................................................................., 200...*<br><br>*................................................................................................. Esq.*<br><br>*Attorney for............................................................................................* |

- 8 -